IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| HAWAII CARPENTERS TRUST FUNDS, ET AL., | ) ) | CIVIL NO. 11-00269 SOM-RLP |
|---|---|---|
| Plaintiffs, | ) ) ) | FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT FORWARD CONSTRUCTION, LLC |
| vs. | ) ) | |
| FORWARD CONSTRUCTION, LLC, ET AL., | ) ) ) | |
| Defendants. | ) ) | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT FORWARD CONSTRUCTION, LLC[1]

Before the Court is Plaintiffs Trustees of the Hawaii Carpenters Trust Funds' ("Plaintiffs") Motion for Entry of Default Judgment Against Forward Construction, LLC filed on July 22, 2011 ("Motion"). Forward Construction, LLC ("Defendant") was served with a copy of the Motion but did not file an opposition or otherwise respond to the Motion. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. Docket No. 9. After careful consideration of the Motion, the supporting memoranda,

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

declaration, and exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED.

## BACKGROUND

Plaintiffs filed their Complaint against Defendant on April 25, 2011. The Complaint alleges that Defendant entered into a collective bargaining agreement agreeing to contribute and pay to the Hawaii Carpenters Trust Funds certain employee benefit contributions arising from work performed by Defendant's covered employees. Compl. ¶ 6-8. Copies of the documents comprising the collective bargaining agreement were attached to the Complaint as Exhibits B and D. See Compl. Exs. B and D. Plaintiffs also attached the Certifications of Receipt and Acceptance for the collective bargaining agreement, which were signed by Wayne Porter as "Owner" of Forward Constructions, LLC. See Compl. Exs. A and C. Contributions were to be paid by Defendant to the Hawaii Carpenters Trust Funds on or before due dates specified in the collective bargaining agreement. Compl. ¶ 8. Under the collective bargaining agreement, Defendant also agreed to submit reports regarding the hours worked by Defendant's covered employees to permit audits and to allow inspections of Defendant's payroll records so that Plaintiffs could ascertain whether all contributions had been paid. Id. ¶ 9. Plaintiffs allege that Defendant employed workers covered by the collective bargaining agreement and those workers performed work for

Defendant when the collective bargaining agreement was in effect. Id. ¶ 13. Plaintiffs claim that Defendant failed to make required contributions between August 2010 and February 2011. Id. ¶ 14. In addition to these unpaid contributions, Plaintiffs also claim that they are entitled to liquidated damages, interest, and attorneys' fees and costs. Id. The Return of Service indicates that the Complaint was served on Defendant's agent, Wayne Porter, at 7:33 p.m. at an address in Haleiwa, Hawaii on June 21, 2011. Docket Nos. 5, 6. The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on July 18, 2011. Docket No. 7.

## ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for the entry of default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). However, default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right. Valley Oak Credit Union v. Villegas, 132

B.R. 742, 746 (9th Cir. 1991). The court should consider the following factors in deciding a motion for default judgment:

    (1) the possibility of prejudice to the plaintiff;

    (2) the merits of plaintiff's substantive claim;

    (3) the sufficiency of the complaint;

    (4) the sum of money at stake in the action;

    (5) the possibility of a dispute concerning material facts;

    (6) whether the default was due to excusable neglect; and

    (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she it entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir.

1992) (citing <u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir. 1978)).

**A.  Jurisdiction**

As a preliminary matter, this Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant.  See <u>In re Tuli</u>, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").  First, the Court has subject matter jurisdiction pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended.  See 29 U.S.C. §§ 1132(e), 1145.  Second, the Court has personal jurisdiction over Defendant.  Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" with the jurisdiction.  <u>Cripps v. Life Ins. Co. of North Am.</u>, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing <u>Burnham v. Superior Court of California</u>, 495 U.S. 604 (1990)).  Defendant's agent was served in Hawaii with a copy of the Complaint.  Docket Nos. 5, 6.  This service is sufficient under 29 U.S.C. § 1132(e)(2).

**B.  <u>Eitel</u> Factors**

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate

under the Eitel factors outlined above. The Court will address each factor in turn.

### 1. The Possibility of Prejudice to Plaintiffs

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

### 2. Merits of Plaintiffs' Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906. Here, Plaintiffs brought this action under ERISA to recover benefits due. See 29 U.S.C. §§ 1132(a), 1145. The terms of the collective bargaining agreement require Defendant to pay to the Hawaii Carpenters Trust Funds certain employee benefit trust fund contributions arising from hourly work performed by Defendant's covered employees. Compl. ¶ 6-8; Compl. Exs. B and D; Compl. Exs. A and C. Defendant employed workers covered by the collective bargaining agreement and those workers performed work for Defendant when the collective bargaining agreement was in effect. Compl. ¶ 13. Defendant failed to make required contributions between August 2010 and

February 2011. Id. ¶ 14. The Court finds that Plaintiffs' allegations, taken as true, are sufficient to establish that they are entitled to judgment against Defendant for delinquent contributions. Accordingly, this factor weighs in favor of default judgment.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pleaded and supported by the documents filed with the Complaint. The Court finds that the sufficiency of the Complaint also weighs in favor or default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiffs seek $63,869.38, including delinquent contributions liquidated damages, interest, and attorneys' fees incurred to date. Plaintiffs' damages request is tailored to Defendant's specific wrongful conduct in failing to abide by the terms of the collective bargaining agreement. The Court finds that this factor weighs in favor default judgment.

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18.

Defendant has been given a fair amount of time to answer the Complaint and deny that it failed to pay the negotiated contributions; Defendant has not done so. Because no dispute has been raised regarding Plaintiffs' material factual allegations, the Court finds that this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect. Plaintiffs personally served Defendant's agent with the Summons in this matter on June 21, 2011. Defendant did not file a response to Plaintiffs' Complaint or respond to Plaintiffs' motion for entry of default, which Defendant received notice of by mail on July 15, 2011. In addition, Plaintiffs served Defendant with notice of the Motion on July 22, 2011. Despite ample notice of this lawsuit and Plaintiffs' intention to seek a default judgment, Defendant has not appeared in this matter to date. The record suggests that Defendant's default was not the result of any excusable neglect, but rather due to Defendant's conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits

is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendant.

**8. Totality of Eitel Factors**

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiffs' favor and against Defendant.

**C. Damages**

In total, Plaintiffs request an award of damages for $63,869.38, plus additional attorneys fees and costs. Specifically, Plaintiffs seek $34,625.98 for delinquent contributions, $28,059.5 for liquidated damages, $774.06 in interest, $9.84 in 401(k) interest, $1,221.70 for attorneys' fees and costs already incurred, and $682.50 in anticipated additional attorneys' fees incurred. See Exs. 4 and 5 to Akiba Decl. Each of the requested categories of damages is addressed below.

### 1. Delinquent Contributions

Plaintiffs contend that there is due and owing to Plaintiff from Defendant delinquent contributions for the period of August 2010 through February 2011 in the amount of $34,625.98. In support of this contention, Plaintiffs submitted two statements of Accounts Receivable from the Hawaii Carpenters Trust Fund. See Ex. 4 to Akiba Decl. Those statements reflect $34,625.98 in delinquent contributions to the various funds at issue. The Court finds Plaintiffs' have established damages in the amount of $34,625.98 for delinquent contributions.

### 2. Liquidated Damages

Plaintiffs seek liquidated damages for the period of August 2010 through February 2011 in the amount of $28,059.50. This calculation of liquidated damages is reflected in the statements of Accounts Receivable from the Hawaii Carpenters Trust Fund submitted by Plaintiffs. See Ex. 4 to Akiba Decl. The collective bargaining agreement and 29 U.S.C. § 1132(g)(2) provide that Plaintiffs are entitled to recover liquidated damages in a sum equal to twenty percent of delinquent trust fund contributions. See Compl. Exs. B at 11 and D at 15-16; 29 U.S.C. § 1132(g)(2). Based on the documentation provided by Plaintiffs, the terms of the collective bargaining agreement, and the applicable statutory provision, the Court finds that Plaintiffs have established liquidated damages in the amount of $28,059.50.

### 3. Interest

Plaintiffs seek interest in the amount of $744.06 and 401(k) interest in the amount of $9.84. Under the terms of the collective bargaining agreement and 29 U.S.C. § 1132(g)(2), the funds are entitled to recover interest from Defendant at the rate provided in the collective bargaining agreement (twelve percent) on any unpaid trust fund contributions. See Compl. Exs. B at 11 and D at 15-16; 29 U.S.C. § 1132(g)(2). The documentation provided by Plaintiffs show interest in the amounts requested. Accordingly, the Court finds that Plaintiffs have established damages in the amount of $744.06 and $9.84 in interest.

### 4. Attorneys' Fees and Costs

An award of attorneys' fees to employee benefit plans is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1132 and 1145. Additionally, the collective bargaining agreement requires Defendant to pay attorneys fees and costs in actions to enforce the collective bargaining action against Defendant. Compl. Exs. B at 12 and D at 16. Here, Plaintiffs are entitled to their reasonable attorneys' fees and costs incurred in bringing the instant action.

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See

Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). A reasonable fee is determined by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. The lodestar amount may also be adjusted based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

Plaintiffs seek $526.50 in attorneys' fees incurred as of July 22, 2011, representing 2.7 hours of work performed by Lorraine Akiba, Esq., at a rate of $195 per hour. Ex. 5 to Akiba Decl. Ms. Akiba was admitted to the Hawaii bar in 1981. Akiba Decl. ¶ 13. The Court finds that the hours requested for fees incurred as of July 22, 2011, and Ms. Akiba's requested hourly rate are manifestly reasonable. The Court also finds that Plaintiffs are entitled to an award for the $695.20 in costs reasonably incurred in this action.

In addition to the fees and costs already incurred, Plaintiffs note that they will be seeking 3.5 hours of additional attorney time for drafting the present Motion and other activity. Mem. in Support of Mot. at 4 n.1. Plaintiffs are instructed to submit an appropriate declaration in support any such additional attorneys fees within five days of this filing of this Findings and Recommendation. The Court will thereafter issue an amended

findings and recommendation.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Motion for Default Judgment Against Defendant be GRANTED as follows:

(1) Default judgment be entered in Plaintiffs' favor and against Defendant;

(2) Plaintiffs are entitled to damages in the amount of $63,869.38, plus additional attorneys' fees and costs.

(3) Plaintiffs are to submit a declaration in support of any additional attorneys' fees and costs requested within five days of this filing of this Findings and Recommendation. The Court will thereafter issue an amended findings and recommendation.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, AUGUST 25, 2011



_____
Richard L. Puglisi
United States Magistrate Judge

**HAWAII CARPENTERS TRUST FUNDS, ET AL., V. FORWARD CONSTRUCTION, LLC, ET AL., CIVIL NO. 11-00269 SOM-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT FORWARD CONSTRUCTION, LLC**

13